IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

GLENDA VARNER,                          )
                                        )
                Petitioner,             )        Civil Action No.: 2:02-03444
                                        )        Criminal No.:2:00-765
v.                                      )
                                        )        **ORDER**
UNITED STATES OF AMERICA,               )
                                        )
                Respondent.             )
_____ )

This matter is before the court upon the Government's motion to dismiss Petitioner Glenda Varner's ("Varner") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, the court denies Varner's § 3582(c)(2) motion and grants the Goverment's motion to dismiss.

## BACKGROUND

On January 10, 2001, a multi-defendant superseding indictment charged Varner with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. On October 5, 2001, Varner pleaded guilty. The plea agreement contained a stipulation by Varner and the Government that at least 50 grams but less than 500 grams of crack cocaine was involved in the conspiracy for the purpose of calculating her sentence. Also, the plea agreement stated that if Varner cooperated with the Government and the Government deemed her cooperation as providing substantial assistance, then the Government would move the court to depart downward from the United States Sentencing Guidelines, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and/or move for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

According to the presentence investigation report, Varner's base offense level was 34. (PSR

¶ 19.)  Pursuant to U.S.S.G. § 3B1.2(b), Varner received a two-level reduction for being a minor

participant in the criminal activity.  (PSR ¶ 22.)  Varner also received a three-level adjustment for

acceptance of responsibility, bringing the adjusted offense level to 29.  (PSR ¶¶ 25-27.)  With a

criminal history category of II, the resulting range was 97-121 months.  (PSR ¶ 33.)  However,

because the statutory minimum term of imprisonment was ten years, Varner's resulting range was

120-121 months.  (PSR ¶ 43.)

On February 13, 2002, Varner was sentenced to 120 months incarceration.  Varner did not

appeal her conviction or sentence.  However, on March 25, 2003, she filed a motion pursuant to 28

U.S.C. § 2255, which was dismissed on July 2, 2003.  On September 20, 2005, Varner filed the

present motion, pursuant to 18 U.S.C.A. § 3582(c)(2), for reduction of sentence based on a guideline

amendment effective November 1, 2004, concerning drug quantity table 2D1.1(a).  The Government

filed a motion to dismiss on October 7, 2005.

## DISCUSSION

Section 3582(c)(2) allows a court to reduce a defendant's sentence if it was based upon a

sentencing range subsequently lowered by an amendment to the United States Sentencing Guidelines

and if a reduction is consistent with the policy set forth in the guidelines.[1]  In considering a motion

---

[1]  Section 3582 (c)(2) provides the following:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the
> court may reduce the term of imprisonment, after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if such a reduction is consistent
> with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(2).

for resentencing under § 3582, the court has discretion to determine whether it will elect to impose

the newly-calculated sentence under the amended guidelines or to retain the original sentence. *See*

*United States v. Turner*, 59 F.3d 481, 483-84 (4th Cir. 1995) (recognizing that the application of a

retroactive amendment is discretionary).  This decision should be made in light of the factors listed

in 18 U.S.C. § 3553(a).  *See United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).

In the matter *sub judice*, Varner asserts that amendments to section 2D1.1 of the United

States Sentencing Guidelines, effective November 1, 2004, should apply to reduce her sentence.

Specifically, Varner argues for a reduced total offense level of 26, following from which the

guideline range for imprisonment would be 70-87 months.  In its motion to dismiss, however, the

Government notes that Varner's sentence is dictated by the statute of conviction.[2]  (Mot. to Dismiss

at 3.)  Moreover, the Government states: "Varner's sentence cannot be less than the ten years of

incarceration to which she was sentenced unless the Government moves for a reduction of sentence

pursuant to Rule 35(b), or Varner qualifies under the 'safety valve' provision found in 18 U.S.C. [§]

---

[2]  Varner pleaded guilty to 21 U.S.C. § 841(b), which provides in pertinent part:

> (b) Penalties
>> Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>
> (1)(A) In the case of a violation of subsection (a) of this section involving
>> . . .
>> (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
>> . . .
>> Such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life.

21 U.S.C. § 841(b).  Sections 859, 860, and 861 do not apply to Varner.

3553(f) (2005) and mirrored in U.S.S.G. § 2D1.1(6) and § 5C1.2."[3]  (Mot. to Dismiss at 4.)  As the Government correctly concludes, Varner does not qualify for reduction pursuant to the "safety valve" provision due to her criminal history points.  *See* U.S.C. § 3553(f)(1).  Specifically, the Presentence Report attributed two criminal history points to Varner, and the safety valve provision requires that a defendant have no more than one criminal history point.  Because Varner did not object to the calculation of her criminal history points and there is no alleged error in the calculation, Varner does not qualify for a sentence below the statutory minimum sentence of ten years. Therefore, in light of the aforementioned and without any basis upon which to reduce Varner's sentence, the court denies Varner's motion and grants the Government's motion to dismiss.

<u>**CONCLUSION**</u>

It is therefore, **ORDERED,** for the foregoing reasons, that Varner's motion is hereby **DENIED** and the Government's motion to dismiss is hereby **GRANTED**.

**AND IT IS SO ORDERED**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 4, 2006**

---

[3]  The "safety valve" provision allows for a sentence lower than the statutory minimum if the defendant satisfies all five criteria contained in 18 U.S.C. § 3553(f)(1).